[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14861
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-00024-ECM-GMB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAVARIS DEANDRE YOUNGBLOOD,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(February 24, 2020)

Before ED CARNES, Chief Judge, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Lavaris Youngblood pleaded guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  He was sentenced to 120 months in prison.  As part of his written plea agreement, Youngblood waived his right to appeal his "conviction or sentence," with three exceptions: if his counsel was ineffective, if the prosecutor committed misconduct, or if the government appealed.

During his change of plea hearing, the magistrate judge placed him under oath and questioned him to ensure that his plea was knowingly and voluntarily given.  He testified that he was competent to make the plea, that he understood the charges against him, and that he made the plea voluntarily.  He also testified that he understood the trial rights he was giving up by pleading guilty.  The magistrate judge specifically asked if he understood that he was giving up his right to appeal, and Youngblood testified that he did.

At sentencing, Youngblood objected to the presentence investigation report finding that he qualified for three criminal history points; he asserted that his state court convictions did not count because he never served any time for them.  He also objected to the suggested four-level enhancement for possessing a firearm in connection with another offense and the inclusion of three of his prior offenses as "relevant conduct."

The district court overruled those objections and calculated a guidelines range of 135 to 168 months.  It sentenced him to 120 months in prison, the statutory maximum.  The court also held that, even if it had sustained his objections, it would still have varied up to 120 months based on the severity of the crime, his criminal history, and the danger his crimes posed to the community.

Youngblood appeals and contends that the district court erred by overruling his objections to the PSR.  He also contends that his sentence is "procedurally unreasonable" because the court imposed an enhancement for conduct that he argues is irrelevant.  In response, the government invoked Youngblood's appeal waiver contained in his plea agreement.

An appeal waiver is enforceable if it is knowingly and voluntarily given by the defendant.  United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993).  We review de novo the validity of an appeal waiver.  Id.  "Where a district judge clearly states that [she] would impose the same sentence, even if [she] erred in calculating the guidelines, then any error in the calculation is harmless."  United States v. Barner, 572 F.3d 1239, 1248 (11th Cir. 2009).

Youngblood's waiver was knowingly and voluntarily given.  He testified that he was competent to make the plea.  He testified that he understood the charges against him.  He testified that he knew he was giving up his right to

3

appeal.  And he testified that he made the plea voluntarily.  None of the three exceptions to his appeal waiver apply here, so he has waived his right to appeal.

And even if Youngblood had not waived his right to appeal, his arguments would still fail.  The district court clearly stated that it would have imposed the same sentence even if it had sustained his objections to the PSR.  If the district court had sustained Youngblood's objections and had varied upward to impose the same 120-month sentence, that sentence would have been substantively reasonable.  Under these circumstances, any error the court may have made was harmless.  See United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006).

**DISMISSED.**